

**U.S. Department of Justice**

**_Michael J. Sullivan_**
_United States Attorney_
_District of Massachusetts_

_Main Reception: (617) 748-3100_      _John Joseph Moakley United States Courthouse_
_1 Courthouse Way_
_Suite 9200_
_Boston, Massachusetts  02210_

February 2, 2005

Richard M. Welsh, Esq.
80 Worcester Street, Suite 5
North Grafton, MA 01536


      Re:     _United States vs. Gerardo Vasseur Ortiz, a.k.a. "Scarface"_ 04-10299-PBS

Dear Counsel:

      I am writing you in response to your letter dated on January 19, 2005 requesting additional discovery which I received from you on January 20, 2005.  In your letter, you requested additional discovery from the government.  Per our telephone conversation today,  I will address each of your requests in turn:

      (1) <u>Pen Register Information</u>: During the investigation, the DEA identified that your client used the following telephone numbers: 781-244-4117, 781-913-2656, 781-913-3671, 978-335-5781, and 781-316-5425.  Enclosed please find a chart prepared by the DEA that is based on court authorized pen registers for each of the target telephones in this case.  This chart indicates each time one of the four telephones numbers associated with your client had contact with the target telephones.  This chart furthermore lists each of these calls according to the time, date, and duration of phone call.

      (2) <u>Audio/CD Recordings</u>: You asked the government to identify each audio recording in which where your client participated, was mentioned, or was present.  You also asked for a transcript of each call.

      As I'm sure you are aware, there were twenty-one separate judicially authorized Title III wiretaps in this case.  On November 19, 2004, you should have received twenty-three CD's containing the audio recordings for each of these twenty-one separate wiretaps.  These CD's also contain the line sheets for each recorded phone call and some rough preliminary transcripts.  Therefore, you should have had in your possession since

Page 2

November 19, 2004 each and every recorded phone call from these twenty-one wiretaps.

Nevertheless, as I stated in our January 20, 2005 status hearing, I have attempted to help counsel identify the calls in which their client was either intercepted or mentioned. Enclosed please find additional discovery that I hope fully addresses your discovery request. I have enclosed a separate letter that describes in great detail the additional discovery the government is providing regarding these intercepted phone calls.

There were also additional audio recordings including recorded phone calls and body-wire recordings in this case that pertain to defendants Jose Rosales and Adallah Hamden, but none that pertain to your client.

(3) Video recordings: As I indicated in our conversation today, the government will provide you with a video surveillance tape that recorded a meeting that took place between Jose Rosales and your client on October 15, 2003. A copy of this tape will be made for you and will be sent to you next week.

There are also a large number of video recordings made during the investigation of this case that have been available for you to review since approximately December 10, 2004. In a memo dated December 10, 2004, entitled "Fact Discovery Memo II," the government informed all counsel that the DEA utilized five different silent video surveillance cameras during the investigation. Per your request, a copy of this memo is included.

(4) Written Summary of Oral Statements: The government will provide all Jencks Act material pursuant to Local Rule 117.1(A)(4) a reasonable time in advance of trial.

(5) Copies of Drug Ledgers or Records: As I'm sure you are aware, there were a number of search warrants executed in this case. During these search warrants, law enforcement agents seized a large number of documents and other tangible items. At this point, you should have received the search warrant returns indicating the items that were taken. As indicated in the government's letter dated November 29, 2004, each of these documents and tangible items are available for your inspection at a mutually convenient time pursuant to Fed. R. Crim. P. 16(a)(1)(C).

However, as we discussed, next week I will send you a copy of one these items which is a particularly detailed drug ledger belonging to one of the co-defendants in this case.

Page 3

(6) <u>Copies of Other Documents/Records</u>: As indicated above, and in the government's letter dated November 29, 2004, all documents and tangible items under Fed. R. Crim. P. 16(a)(1)(C) are available for your inspection.

(7) <u>Other Crime, Wrong or Act Evidence</u>: If the government intends to introduce any evidence pursuant to Fed. R. Evid. 404(b), the government will comply with Rule 404(b) and Local Rule 117.1(A)(4)(b) and will disclose such evidence twenty-one days before trial.

As I'm sure you are aware, however, I understand that your client was arrested in Philadelphia on February 23, 2004 for a state money laundering type violation. In our conversation, I also indicated to you that your client made a statement to law enforcement agents on that day. Enclosed please find a copy of that statement. At this point, I am not sure whether the government will seek to introduce this statement at trial.

(8) <u>DEA 6's</u>: At this time, you should have received all the DEA 6 reports that were created during the course of the investigation leading up to the indictment. If other DEA 6's are created of new potential witnesses or new evidence, the government will produce such discovery pursuant to Local Rule 117.1(A)(5) and (A)(8). In your request, you have asked the government to identify for you which reports identify your client. Unlike the voluminous wiretap evidence in this case, the DEA 6's are not as voluminous and are not difficult to read. I do not believe there is any legal authority that would require the government to identify certain information in police reports that have already been produced and have been in your possession for several months. If I am misinterpreting or misstating your request, please let me know.

(9) <u>Other Agency Police Reports</u>: At this time, you should have received all the law enforcement reports that were created during the course of the investigation leading up to the indictment. If other law enforcement reports are created of new potential witnesses or new evidence, the government will produce such discovery pursuant to Local Rule 117.1(A)(5) and (A)(8).

(10) <u>Drug Quantity</u>: I agree that you and I should have frank discussion either in person or over the phone regarding the amount of cocaine fors which your client is responsible under the Sentencing Guidelines. At this time, in the light of the *Booker* decision, the government will be taking the position that a sentence within the applicable guideline range is a reasonable sentence. Nevertheless, I don't believe the government is required to produce in writing the exact quantity of drugs that is client if responsible before trial. However, as I'm sure your client was advised upon arraignment, the pending

Page 4

indictment charges a conspiracy to distribute at least five kilograms of cocaine.

(11) <u>Participation in the Conspiracy</u>: The indictment charges that the drug conspiracy in this case began in at least January 2001 and continued until about May 1, 2004. First, within this time frame, you can safely assume that your client participated in the conspiracy when he was intercepted during the wiretaps talking with other co-defendants. Second, please be advised that under the Supreme's decision in *Pinkerton v. United States,* 328 U.S. 640 (1946), each defendant is accountable the reasonably foreseeable acts of each co-conspirator. Third, I believe the case law clearly states that the indictment as drafted provides reasonable notice to the defendant. *See United States v. Edmonson*, 962 F.2d 1535, 1540 (10th Cir. 1992); *United States v. Hultgren*, 713 F.2d 79, 89 (5th Cir. 1983). If you disagree, please give me a call and I would be happy to discuss it.

(12) <u>Overt Acts</u>: Unlike a conspiracy charged under 18 U.S.C. § 371, a conspiracy under 21 U.S.C. § 846 does not require the government to prove or allege any overt acts. Nonetheless, you can safely assume that each intercepted phone conversation during which your client was intercepted discussing drug related matters with co-defendants is an overt act in furtherance of the conspiracy.

(13) <u>Witness Information</u>: At this time the government anticipates that it may call one or more cooperating witnesses at trial or other hearing. The government further anticipates that such individuals will have entered into plea agreements with the government whereby they will be expecting a 5K1.1 motion for downward departure in exchange for their cooperation and testimony. The government also anticipates that these individuals will have prior involvement in drug trafficking crimes and prior criminal convictions. Please be advised, however, that pursuant to Local Rule 116.6, the government declines at this time to identify these witnesses by name, as disclosing the names might result in witness tampering, interference with an ongoing investigation, and/or risk of physical harm to a witness. The government will provide such information a reasonable time in advance of trial.

If you need anything else or would like to discuss this matter further, please do not hesitate to call.

Page 5

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Neil J. Gallagher, Jr.
Neil J. Gallagher, Jr.
Assistant United States Attorney
(617) 748-3397

Encl.