UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

United States of America )
)
vs ) Docket No. 04-10299-PBS
)
Gerardo Vasseur Ortiz, )
a/ka Alejandro Rosa, Defendant )

### DEFENDANT'S MOTION TO CONTINUE SENTENCING DATE

The defendant moves that his sentencing hearing, presently scheduled for January 23, 2006, be continued to a date in March, convenient to the Court.

The defendant has appeared before an Assistant United States Attorney and, in good faith, has truthfully provided to the Government all information and evidence he has concerning the offense with which he is charged. Section #5C1.2 provides that the Court may impose a sentence without regard to any statutory minimum if it finds, among other criteria, that the defendant does not have more than 1 criminal history point. Section #2D1.1(b)(7) of the Federal Guidelines provides for a 2 level decrease in a defendant's offense level, if he meets the criteria of Section #5C1.2.

When the defendant volunteered to make his proffer to the Assistant United States Attorney, both he and his defense counsel believed that he did not have more than 1 criminal history point and that the defendant would, therefore, qualify for the benefits of Sections #5C1.2 and #2D1.1(b)(7) of the Guidelines.

However, when the Federal Probation Office submitted its presentence report, it treated a prior Lynn District Court misdemeanor case, which was continued without a finding and subsequently dismissed, as a **felony conviction**. (Lynn Division, District Court Department, Docket No. 9913 CR 6472.) The presentence report added a criminal history point for that case, thereby eliminating the defendant's eligibility for the benefits of Sections #5C1.2 and #2D1.1(b)(7). This would increase the defendant's imprisonment range, in the pending Federal action, from 57 to 71 months, (which would be the range if the benefits of Sections #5C1.2 and #2D1.1(b)(7) are applied), to an imprisonment range of 78 to 97 months, (if such benefits are not applied).

Thus, if the Lynn District Court misdemeanor, which was dismissed without a conviction, is treated as a **felony conviction** by the Federal Court, the defendant's minimum imprisonment range would be **increased by 21 months**.

The defendant has now filed a motion for a new trial in the Lynn District Court case. The motion has been taken under advisement by the Court, (Wexler, J.) but has not yet been acted upon. The Federal Probation Officer, who prepared the presentence report, has advised defense counsel that, if the Lynn District Court grants the defendant a new trial of its 1999 complaint, he will then be eligible for application of the "safety valve" provisions of Sections #5C1.2 and #2D1.1(b)(7) of the Federal Guidelines, and that his imprisonment range will then be reduced to 57 to 71 months, instead of 78 to 97 months.

For the foregoing reasons, the defendant moves that his sentencing date, in the instant Federal case, be continued to allow sufficient time for the Lynn District Court to act on his motion for a new trial. Assistant U. S. Attorney Neil Gallagher has informed defense counsel that the United States does not oppose the within motion for a continuance of the sentencing date. Attorney Gallagher has requested, however, that the new sentencing date be scheduled for the month of March, since he is expecting to be engaged in a trial, during the major portion of February.

By his Attorney,

*[signature]*

Richard M. Welsh
Attorney for the Defendant
80 Worcester Street
North Grafton, MA 01536
Tel: (508) 839-7713