UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| vs | ) | Docket No. 04-10299-PBS |
| | ) | |
| Gerardo Vasseur Ortiz, | ) | |
| a/ka Alejandro Rosa, Defendant | ) | |

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR DOWNWARD DEPARTURE

This is a multi-defendant, multi-count indictment, in which the defendant, Gerardo Vasseur Oritz, (a/k/a Alejandro Rosa), is charged in only one count, *i.e.* conspiracy to distribute cocaine. He is not charged with distribution. His involvement in the alleged conspiracy was for a relatively short period of time and it does not appear that he played a major role therein.

On July 8, 2005, the defendant appeared before an Assistant United States Attorney and, in good faith, truthfully provided to the Government all information and evidence he had concerning the offense with which he is charged. On August 19, 2005, he offered a plea of guilty to the conspiracy count of the indictment. The Plea Agreement, submitted by the parties, contains the following: "Based on the information currently known to it, the Government agrees that the defendant has personally satisfied #5C1.2(5)."

U.S.S.G. #5C1.2 provides that the Court may impose a sentence without regard to any statutory minimum if it finds, among other criteria, that the defendant does not have more than 1 criminal history point. U.S.S.G. # 2D1.1(b)(7) provides for a 2 level decrease in a defendant's offense level, if he meets the criteria of #5C1.2.

When the defendant volunteered to make his proffer to the Assistant United States Attorney, both he and his defense counsel believed that he did not have more than 1 criminal history point and that he would, therefore, qualify for the benefits of #5C1.2 and #2D1.1(b)(7) of the Guidelines.

However, when the Federal Probation Officer submitted her presentence report, she treated a prior Lynn District Court **misdemeanor** case, which was **continued without a finding** and was subsequently **dismissed**, as a felony conviction. The presentence report added 1 criminal history point for that case, thereby eliminating the defendant's eligibility for the benefits of #5C1.2 and #2D1.1(b)(7). This resulted in an increase in the defendant's imprisonment range, from 57 to 71 months, (which would be the range if #5C1.2 and #2D1.1(b)(7) were applied), to an imprisonment range of 78 to 97 months. Thus, by including the Lynn District Court misdemeanor, (which was dismissed without a conviction), as a felony conviction in the defendant's criminal history, the defendant's minimum imprisonment range was **increased by 21 months**.

The defendant filed a motion for a new trial, in the Lynn District Court case, but the motion was denied, on the ground that the Court did not believe that it had authority to grant it.

In <u>United States v. Perez</u>, 160 F.3d 87, 1998, the First Circuit stated:

"Guidelines #4A1.3 allows a sentencing court to grant a departure from the mandated sentencing range when the 'defendant's criminal history is significantly less serious than most defendants in the same criminal history category.' Under #4A1.3, a departure may be granted if 'the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes.' ….. Far from being a forbidden factor, departures for atypical criminal history are specifically encouraged under U.S.S.G. #4A1.3. ….. We agree that the Commission did take prior felonies into account in formulating the career offender guidelines. That does not mean that the smallness of an offender's prior felony conviction may not even contribute to a finding of over-representation for purposes of U.S.S.G. #4A1.3."

But for the Lynn District Court case, the defendant would clearly be in criminal history category I, which would entitle him to consideration under #5C1.2 and #2D1.1(b)(7) of the Guidelines, and would allow the Court to impose a sentence without regard to any statutory minimum and to grant a 2-level decrease in the defendant's offense level. In the Lynn District Court case, the defendant was charged with "resisting arrest". Massachusetts law considers that offense to be a **misdemeanor**. Furthermore, the Lynn District Court continued that case **without a finding** and ultimately **dismissed** the complaint, after a period of **probation for less than one year**. Massachusetts law does not consider a "continuance without a finding" to be a conviction.

In <u>United States v. Delgado-Reyes</u>, 245 F.3d. 20, 2001, the First Circuit held:

"The particular provisions at issue here are Guideline 4A1.3, which permits departures from the criminal history category if that category 'significantly over-represents the seriousness' of the defendant's prior offenses, ….. Thus, a defendant ….. may be entitled to a horizontal departure if the district court finds that the assigned criminal history category significantly over-represents the seriousness of defendant's prior convictions."

Clearly, the Lynn District Court did not consider the 1999 incident of "resisting arrest" to be a serious offense, since no conviction was entered and the complaint was dismissed. It should also be noted that the United States Sentencing Commission did not consider the offense of "resisting arrest" to be overly serious, since it determined that a sentence for the misdemeanor of "resisting arrest", resulting in a term of probation of less than one year, is not to be counted as a "prior sentence". (See U.S.S.G., # 4A1.2(c)(1).)

The defendant respectfully submits that the inclusion of the Lynn District Court case in his criminal history category results in a substantial over-representation of the seriousness of his criminal history. For that reason, it is requested (a) that the Court allow him a horizontal departure from criminal history category II to criminal history category I; (b) that the Court impose a sentence without regard to any statutory minimum, pursuant to U.S.S.G. #5C1.2; (c) that his offense level be decreased by 2-levels, pursuant to U.S.S.G. #2D1.1(b)(7); (d) that his total offense level be set at 25; and (e) that his Guideline imprisonment range be determined to be 57 to 71 months.

The defendant further submits that a sentence of 57 months would be reasonable and consistent with the factors enumerated in 18 U.S.C. #3553(a). Such a sentence would reflect the seriousness of his offense, would promote respect for the law, would deter others from committing the same offense and would provide a just punishment. It would afford adequate protection to the public, considering that he has no history of violence, that he has accepted responsibility and that incarceration would be followed by a period of at least 4 years of supervised release. It would also provide needed correctional treatment, including completion of the 500-hour comprehensive drug treatment program.

It is respectfully submitted that a sentence of 57 months, (which would be within the applicable Guideline sentencing range for offense level 25 and criminal history category I), would generate the necessary retribution, deterrence, incapacitation and rehabilitation, and would be reasonable, "but not greater than necessary", -all as provided in 18 U.S.C. #3553(a).

/s/ Richard M. Welsh
Richard M. Welsh
Attorney for the Defendant
80 Worcester Street
North Grafton, MA 01536
Tel:  (508) 839-7713